UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUSTAFFA A. MANSOUR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CDCR,<br><br>　　　　Defendant. | No. 2:19-cv-0961-EFB P<br><br><br>ORDER |

Plaintiff, an inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983, alleges that California Department of Corrections and Rehabilitation ("CDCR"), the San Diego Sheriff's Department, and all San Diego County Clerks of Courts have violated his civil rights while incarcerated in San Diego County at the East Mesa Reentry Facility. ECF No. 4.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

/////

1

In this case, any potential claims arose in San Diego County, where plaintiff is incarcerated and most of the defendants likely reside. While venue could theoretically be proper in this district due to plaintiff's inclusion of CDCR as a defendant that could possibly be "residing" here, the interests of justice will be better served by transferring this case to the Southern District of California, which encompasses San Diego County where the majority of the parties, witnesses and evidence is located. *See* 28 U.S.C. § 1391(b); 28 U.S.C. § 84(d).

Accordingly, IT IS HEREBY ORDERED that this case is transferred to the Southern District of California. *See* 28 U.S.C. § 1404(a).

Dated: July 15, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE